**Ralph Allen WATERS and Patricia A. Waters, Appellants,**

**v.**

**Carrie A. STORMS et al., Respondents.**

**No. 56513.**

Supreme Court of Missouri, Division 2.

Sept. 10, 1973.

Motions for Rehearing or to Transfer to Court en Banc Denied Nov. 12, 1973.

Lantz Welch, Kansas City, for appellants; James W. Jeans, Kansas City, of counsel.

McKenzie, Williams, Merrick, Beamer & Wells, Jack G. Beamer, Kansas City, for respondent, Carrie Storms.

Deacy & Deacy, Edward W. Mullen, Kansas City, for respondent, State Farm Mutual Automobile Ins. Co.

STOCKARD, Commissioner.

Ralph Allen Waters brought suit against Carrie A. Storms and Douglas E. Burns for personal injuries sustained in an automobile accident. His wife, Patricia A. Waters, sought damages for the loss of services by reason of her husband's injuries. State Farm Mutual Automobile Insurance Company was joined as defendant on the basis that it was plaintiffs' "uninsured motorist carrier," and that Douglas E. Burns was an uninsured motorist. The jury verdict was in favor of defendants, and plaintiffs have appealed from the ensuing judgment. The notice of appeal was filed prior to January 1, 1972, and this court has appellate jurisdiction by reason of the amount in dispute. We reverse and remand.

Douglas E. Burns owned and operated a service station and Ralph Allen Waters was employed as an attendant. While they were testing the clutch on a customer's Mustang automobile with Burns driving, Waters was injured when Burns attempted to avoid an automobile operated by Carrie A. Storms.

Plaintiffs' submission of negligence on the part of Storms was failure to keep a careful lookout, and their submission of negligence on the part of Burns was that he drove the Mustang at an excessive speed. Defendants' issue of contributory negligence was submitted by Instruction No. 11 which was as follows:

"Your verdicts must be for defendants whether or not Douglas Burns or Carrie Storms was negligent if you believe:

First, plaintiff Ralph Waters entered and remained in the Mustang automobile knowing that Douglas Burns intended to drive at an excessive speed, and

Second, such conduct of plaintiff Ralph Waters was negligent, and

Third, such negligence and the excessive speed of the Mustang directly caused or directly contributed to cause any damage which plaintiffs may have sustained."

Plaintiffs challenge this instruction because it did not require a finding of excessive speed on the part of Burns, and also because there was no evidence that Burns intended to drive at an excessive speed or that Waters knew of such intent. We are inclined to believe there is merit to both contentions, but we need to rule only the first.

■ Defendants apparently attempted to follow the form of MAI 32.05 which submits as contributory negligence that (1) plaintiff entered (or remained) in an automobile knowing that the driver was intoxicated to the extent that his ability to drive was impaired, (2) by such conduct plaintiff was negligent, and (3) that such negligence and the impaired driving ability of the driver directly caused or contributed to cause plaintiffs' damage. By that submission a jury would be required to find that plaintiff entered (or remained) in an automobile, that the driver was intoxicated to the extent stated and that plaintiff knew of such condition. The proximate cause submitted was the negligence which the jury was required to find and the impaired driving ability of the driver, the existence of which the jury was previously required to find.

■ By Instruction No. 11, the contributory negligence submitted was that (1) Waters entered and remained in the Mustang automobile, and (2) he knew that Burns *intended* to drive at an excessive speed. The proximate cause submitted was "such negligence," and "the excessive speed of the Mustang." However, the jury was not required to find that the Mustang was operated at an excessive speed, but only that Burns had an intent to do so.

This demonstrates the distinguishing feature of Instruction No. 11 from MAI 32.-05. For the reason that Instruction No. 11 authorized a finding by the jury of negligence on the part of Waters based only upon a finding of an *intent* on the part of Burns to speed, and because it assumed an excessive speed as constituting proximate

cause without requiring a finding of such speed, the instruction was erroneous.

The judgment is reversed and the cause remanded.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

HENLEY, P. J., DONNELLY, C. J., and MEYER, Special Judge, concur.

FINCH, J., not a member of Division when cause was submitted.

MORGAN, J., not sitting.